UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
UNITED STATES OF AMERICA                :
                                        :
                                        :      16-cr-0834 (NSR)
         -against-                      :      OPINION AND ORDER
                                        :
ROBERT M. KOLACZYNSKI,                  :
                                        :
Defendant.                              :
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

On December 16, 2016, Defendant, Robert M. Kolaczynski ("Defendant" or "Kolaczynski") was charged in a one count indictment with violating 18 U.S.C. § 1343, wire fraud, and subsequently arraigned. On March 24, 2017, Defendant pled guilty to the sole count of the indictment. Now before the Court is Defendant's motion, pursuant to Fed. R. Crim. Pro. 11(d)(2)(B), seeking to withdraw his guilty plea or, alternatively, seeking a hearing to determine if the plea was entered knowingly and voluntarily. For the following reasons, Defendant's motion is DENIED.

PROCEDURAL BACKGROUND

Defendant was charged in a criminal complaint, dated August 23, 2016, with violating 18 U.S.C. § 1343. On September 1, 2016, Defendant was arrested and arraigned based on the criminal complaint. On December 16, 2016, Defendant was indicted on one count of wire fraud involving in excess of $1.2 million and subsequently arraigned. On March 24, 2017, following the exchange of extensive discovery, Defendant pled guilty to the charge in the indictment, admitted the forfeiture allegations in the indictment and executed a Consent Order of Forfeiture. By letter dated July 18, 2017, Defendant sought to re-schedule his sentencing date on the basis

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/10/2018

that he anticipated filing a motion to vacate his guilty plea. On August 15, 2017, new counsel was appointed to represent the Defendant. By motion dated October 1, 2017, Defendant seeks to withdraw his guilty plea on the basis, *inter alia*, that it was not given voluntarily.

DISCUSSION

Federal Rule of Criminal Procedure 11 governs guilty pleas. Rule 11(d)(2)(B) provides in relevant part, that a defendant may withdraw a plea of guilty after the court accepts the plea but before it imposes a sentence provided the defendant can demonstrate "a fair and just reason" for withdrawing the plea. Although Rule 11 suggests that motions to withdraw a plea prior to sentencing are to be "liberally granted," *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992), the defendant bears the burden of demonstrating that there exist valid grounds for withdrawal of a plea, *United States v. Schmidt*, 373 F.3d 100, 102 (2d Cir. 2004) (citing *United States v. Couto*, 311 F.3d 179, 185 (2d Cir. 2002)). Courts must also be mindful that "society has a strong interest in the finality of guilty pleas," and that allowing withdrawal of pleas "undermines confidence in the integrity of our judicial procedures." *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) (internal citations omitted).

In determining whether the defendant has demonstrated a "fair and just reason" for the withdrawal, the Court may consider (1) whether the defendant has asserted his legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea. *See Couto*, 311 F.3d at 185. Courts may also consider whether the defendant has "raise[d] a significant question about the voluntariness of the original plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). Whether or not to grant a motion to withdraw a guilty plea is addressed to the

broad discretion of the trial court. *See United States v. Saft*, 558 F.2d 1073, 1082 (2d Cir. 1977).

A defendant's mere change of heart prompted by a re-examination of the government's case or a re-examination of the potential penalty that may be imposed is insufficient to constitute a "fair and just reason" to withdraw a plea. *See Gonzalez*, 970 F.2d at 1100. Nor is defendant's distrust of the criminal justice system a basis for withdrawing a guilty plea. *United States v. Grimes*, 225 F.3d 254, 259 (2d Cir. 2000). Similarly, a "strategic miscalculation" does not warrant the setting aside of an otherwise valid guilty plea. *See United States v. Broce*, 488 U.S. 563, 571 (1989). The parties' mutual mistake as to the applicable Sentencing Guidelines range does not render a defendant's plea voidable where the plea agreement expressly takes into account that the sentencing court may impose a calculation different from those stipulated to and which provides that in that event the defendant would have no right to withdraw his plea. *See United States v. Rosen*, 409 F.3d 535, 548 (2d Cir. 2005).

A defendant's self-incriminating statements made under oath at his plea allocution hearing are deemed to "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, a defendant's subsequent presentation of conclusory statements that simply contradict what was said during the plea allocution are insufficient to withdraw a guilty plea. *See Torres*, 129 F.3d at 715. In order to prevail on a motion to withdraw a guilty plea, a defendant must not only claim innocence but must also proffer evidence which supports his claim of innocence. *See United States v. Piris*, 599 F. Supp. 2d 205, 214–15 (D. Conn. 2009) (citing *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir.2001)).

A defendant seeking to withdraw his guilty plea is not automatically entitled to an evidentiary hearing unless he raises "some significant questions concerning the voluntariness or general validity of the plea." *Gonzalez*, 970 F.2d at 1095. Further, no hearing is required where

the defendant has merely contradicted his previously sworn admission, makes only conclusory statements or provides inherently incredible statements in support of his motion to withdraw his plea. *Id.* at 1100. Lastly, the government need not demonstrate prejudice unless the defendant has made an initial showing warranting the granting of the application. *See Hirsch*, 239 F.3d at 225 (2d Cir. 2001).

In support of his application, Defendant submits an affidavit wherein he avers he wishes to withdraw his guilty plea because he is actually innocent, has always maintained his innocence in his discussions with his former counsel, and only pled guilty out of duress. Defendant maintains that he pled guilty on the advice of and after being pressured to do so by his former counsel. Defendant asserts he was advised to plea guilty because he was told he was likely to be convicted and that a plea would help minimize any potential jail sentence.

Defendant suggests that at the time of his plea he was preoccupied by concerns about his wife's compromised health (she suffers from melanoma and had undergone several surgeries) and worried about the possibility that his children could be left without a mother. He further asserts that he was taking hydrocodone, an opioid medication, to alleviate pain associated with injuries sustained in an accident, and suffers from sleep and anxiety disorders. Despite his claim of innocence and his full disclosure of all of his medical and family-related concerns, Defendant's attorney advised him to plead guilty. Defendant purportedly pled guilty after being coerced by his attorney.

Upon a review of the record and Defendant's moving papers, the Court does not find sufficient reason to grant Defendant's application seeking to withdraw his guilty plea. In his affidavit in support of his motion, Defendant merely contradicts the sworn-to statements he made during his plea allocution hearing. Although he asserts his innocence, he proffers no

evidence, other than his self-serving statement, in support of his claim of innocence. *See Hirsch*, 239 F.3d at 225 (discussing defendant's failure to show that evidence demonstrated his innocence on a motion to withdraw a guilty plea).

Prior to his plea allocution, Defendant was placed under oath and swore to tell the truth. He was questioned at length, and informed the Court that he was aware of his constitutional rights, was waiving his rights for the purpose of pleading guilty pursuant to a plea agreement, and made his guilty plea voluntarily. His guilty plea was also memorialized in a written plea agreement which he purportedly read, understood, and subscribed his signature to.

Although Defendant informed the Court that he took medication, hydrocodone, the evening before his plea, Defendant represented to the Court that he was feeling well, that his mind was clear and unaffected by the medication, and that he understood the nature of the proceedings and the criminal charges brought against him. Importantly, Defendant, under oath, informed the Court that he was satisfied with his attorney and the representation provided to him. Defendant further represented that he understood that he should plead guilty only if he was in-fact guilty "and for no other reason." After being informed of his rights, acknowledging his rights, and being informed that he could change his mind and not plead guilty for any reason, Defendant informed the Court that he wished to continue in entering his guilty plea. Notably, Defendant showed no signs of duress and no sign of any ill effects from medication he took the evening before his plea at the plea allocution.

The Court gives great weight to Defendant's sworn statements made during his plea allocution, *see Blackledge v. Allison*, 431 U.S. at 74, and determines that Defendant intelligently, knowingly and voluntarily pled guilty, and provided an independent basis for pleading guilty. Although only four months passed from the time of Defendant's plea to the filing of the instant

motion, the lapse of time is but one factor a court may consider and is not on its own dispositive of the issue. Conspicuously lacking from Defendant's submission is any evidence in support of or even tending to support his claim of innocence. Defendant's self-serving claim of innocence, without more, is insufficient to make the requisite showing. Moreover, Defendant's concern over his family members' fragile medical and emotional states is an insufficient basis for withdrawing his plea. *See Grimes*, 225 F.3d at 259 (motion to withdraw guilty plea denied where motion for withdrawal was predicated in part on the contention that defendant was innocent and guilty plea was entered to protect defendant's emotionally brittle mother and sister from the trauma of seeing him stand trial).

The Court further determines that Defendant has failed to raise "some significant questions concerning the voluntariness or general validity of [his] plea." *Gonzalez*, 970 F.2d at 1095. Defendant's suggestion that "[i]f given the opportunity to have an evidentiary hearing on the issue of voluntariness ... [he] could," (Def.'s Aff. (ECF No. 38) ¶ 14), make the requisite showing puts the cart before the horse. Defendant, in support of his motion, was required to raise "some significant questions concerning the voluntariness or general validity of the plea," *Gonzalez*, 970 F.2d at 1095, warranting the granting of a hearing. No such showing has been made here. Accordingly, that portion of the motion seeking a hearing must also be denied.

CONCLUSION

For all of the reasons given,[1] Defendant's motion is DENIED. The Clerk of the Court is

---

[1] To the extent Defendant asserts that his former counsel was ineffective, he was required to demonstrate that the "counsel's deficient performance undermine[d] the voluntary and intelligent nature of defendant's decision to plead guilty. " *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). To advance an ineffective assistance of counsel claim in the context of a plea, the defendant must show that (1) counsel's performance fell below an objective standard of reasonableness according to prevailing professional norms, and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984)). "To satisfy the

Page 6 of 7

requested to terminate the motion at ECF No. 36. The Government and Defendant are directed to appear on March 15, 2018 at 10:30 AM for sentencing. The parties are directed to submit their sentencing memorandums on or before February 28, 2018.

This constitutes the Court's Order.

Dated: January 10, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

second prong ... in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *Id.* (citation omitted). Defendant has not made such a showing.